IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAXIMO STIVEN BERNABEL PENA, | |
| Movant, | 1:13-cr-280-WSD-2 |
| v. | 1:16-cv-2975-WSD |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [245] ("R&R"). The R&R recommends the Court dismiss as untimely Movant Maximo Stiven Bernabel Pena's ("Movant's") 28 U.S.C. § 2255 motion [240] to challenge his sentence ("Section 2255 Motion"). Also before the Court are Movant's Objections to the R&R [248].

**I.   BACKGROUND**

Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii), a crime subject to up to a life term of imprisonment. ([195.1] at 3). On March 4, 2015, the Court imposed a 121-month term of imprisonment. ([229]). Movant did not file a direct appeal. On July 25, 2016, Movant filed his Section

2255 Motion. Movant asserts that he is entitled to a role reduction based on the November 15, 2015, sentencing guidelines amendment that amended the commentary to U.S.S.G § 3B1 ("Amendment 794").

On September 19, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge found that Movant's Section 2255 Motion was due by March 18, 2016, and his Motion is untimely by approximately five months. The Magistrate Judge found that equitable tolling does not apply. The Magistrate Judge recommends that the Court dismiss as untimely Movant's Section 2255 Motion, and that a certificate of appealability ("COA") be denied.

On September 12, 2016, Movant filed his Objections. Movant argues that the recent change in law, Amendment 794, "made []his motion possible." (Obj. at 1).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.   Analysis

The Court first conducts its plain error review of those portions of the R&R to which Movant does not object. See Slay, 714 F.2d at 1095. A Section 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a State impediment to filing a motion to vacate was removed; (3) a constitutional right on which Movant relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. See 28 U.S.C. § 2255(f)(1)-(4).

The Magistrate Judge found that, because Movant did not directly appeal, his federal conviction became final on March 18, 2015, fourteen days after the March 4 entry of judgment. See Fed. R. App. P. 4(b)(1)(A). Under Section 2255(f)(1), Movant's Section 2255 Motion was due by March 18, 2016, and his

Motion is untimely by approximately five months.  The Magistrate Judge found that Section 2255(f)(2) does not apply, because Movant does not allege any unlawful government impediment that prevented him from filing his Section 2255 Motion earlier.  The Magistrate Judge next determined that Section 2255(f)(3) does not apply, because Movant does not present any right newly recognized by the United States Supreme Court.  The Magistrate Judge found that Section 2255(f)(4) does not apply because a guidelines amendment does not qualify as a supporting fact to a claim for relief.  See Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." (emphasis in original) (quoting § 2255(f)(4))); Thomas v. United States, No. 2:09-CR-00277-RDP-JE, 2014 WL 4715861, at *4 (N.D. Ala. Sept. 22, 2014) ("The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts."); Seals v. United States, No. 08-cv-80, 2009 WL 1108482, at *2 (S.D. Ill. Apr. 24, 2009).  The Court finds no plain error in these findings and recommendations.  See Slay, 714 F.2d at 1095.

The Magistrate Judge found that Movant does not show that he is entitled to equitable tolling, because a change or amendment to existing sentencing guidelines does not constitute an extraordinary circumstance justifying equitable tolling of the AEDPA statute of limitations.  Movant appears to object to this finding, arguing that he could not have filed his Section 2255 Motion before the amendment to the Sentencing Guidelines.  AEDPA's one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted).  Movant does not provide any authority to support that changes or amendments to existing sentencing guidelines constitute an extraordinary circumstance justifying equitable tolling of the AEDPA statute of limitations.  See United States v. Snyder, No. 1:99-cr-11, 2008 WL 370663, at *2 (N.D. Ind. Feb. 11, 2008).  The Court finds Movant is not entitled to equitable tolling of the one-year statute of limitations, and his Section 2255 Motion is dismissed as untimely.

Even if equitable tolling applied, Amendment 794 does not entitle Movant to resentencing.  The Amendment merely "clarified the factors to consider for a

minor-role adjustment"—it did not substantively change Section 3B1.2. United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015); Sapp v. United States, 2016 WL 4744159, at *1 (S.D. Ga. Sept. 12, 2016); see also United States v. Quintero-Leyva, 823 F. 3d 519, 523 (9th Cir. 2016) (Amendment 794 may be applied retroactively on *direct appeals*). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

In Burke v. United States, 152 F.3d 1329 (11th Cir. 1998), after the petitioners were sentenced, the Sentencing Commission added a clarifying amendment to the Guidelines. The petitioners moved under Section 2255 to modify their sentences based on the change. The Eleventh Circuit found that, because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" Id. at 1331 (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

6

"Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law," Movant "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." Id. at 1332.  He did not.  "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief."  Id.

Accordingly, Movant's Section 2255 Motion is dismissed as untimely.  The Magistrate Judge recommends the Court deny a COA.  The Court finds no plain error in this finding and recommendation.  See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [245] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Objections to the R&R [248] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant's 28 U.S.C. § 2255 Motion [240] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 23rd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE